UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR PALOMINO PASO, A-233-422-662,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-05885-TLN-CKD P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition and respondent's response are before the court. (ECF Nos. 1, 6.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order dated July 28, 2026. (ECF No. 3.) For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to release petitioner from custody.

**I. Background**

Petitioner is a native of Venezuela who has been in immigration detention since July 3, 2026. (ECF No. 1; at 2 ECF No 6 at 4.) Petitioner states he has never been arrested for a criminal offense or convicted of a felony. (ECF No. 1 at 8.)

Under respondent's evidence, petitioner was arrested by U.S. Border Patrol and granted a "voluntary return" to leave the United States on November 4, 2022. (ECF No. 6 at 5.) In November 2023, petitioner submitted an application to United States Citizenship and Immigration Services (USCIS) for asylum and for withholding of removal. (Id.)

Petitioner entered the United States without inspection on June 20, 2024. (ECF No 6 at 4.) Petitioner subsequently applied for and received Temporary Protected Status (TPS), but that status was terminated on April 2, 2024. (Id.) Petitioner re-applied for TPS in April 2025, and USCIS terminated the application on November 20, 2025. (Id.) Petitioner obtained employment authorization from USCIS approved with a valid date until November 10, 2029. (Id.)

Under respondent's evidence, petitioner sustained misdemeanor convictions in Utah in December of 2024 and September of 2025 for operating a vehicle without proof of insurance, for which he was ordered to pay fines. (ECF No. 6 at 5.) Respondents do not argue petitioner presents a danger or a flight risk.

ICE arrested petitioner on July 3, 2026, without a warrant, and executed an administrative warrant post-arrest. (ECF No. 6 at 4.) Petitioner has been in immigration detention for more than a month since then.

Petitioner seeks release or, alternately, a bond hearing where the government bears the burden to prove he is a flight risk or danger to public safety. (ECF No. 1 at 8.) Respondent asserts petitioner's detention was pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledge the Ninth Circuit recently held that § 1226 governs petitioner's detention. (Id.) Respondent states petitioner is entitled to seek a custody redetermination before an immigration judge.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

////

### III. Discussion

Petitioner was living in the United States when he was detained on July 3, 2026, and thus the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). Respondent's assertion that petitioner can seek a custody redetermination hearing provides no reason to deny the petition because petitioner was entitled to an initial bond hearing and other process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).

Rather than a bond hearing, petitioner seeks release from custody. The record contains no indication immigration officials ever previously released petitioner into the United States after finding he presents no danger to the community or a flight risk. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). However, the government knowingly decided not to detain petitioner after his TPS was terminated on April 2, 2024, and again after his subsequent application for TPS was terminated on November 20, 2025. Petitioner relied on those decisions while continuing to live freely in his community and thus acquired a protected liberty interest in remaining out of immigration custody. See, e.g., Machuca v. Warden, California City Immigration Processing Center, et al., No. 1:26-CV-05119-KES-EPG-

HC, 2026 WL 2130247, at *4 (E.D. Cal. July 23, 2026); Pedro M.T.M. v. Warden, California City Correction Ctr., No. 1:26-CV-04862-MWJS, 2026 WL 1983261, at *1 (E.D. Cal. July 8, 2026); Garcia v. Albarran, No. 26-CV-04839, 2026 WL 1454512, at *2 (N.D. Cal. May 21, 2026).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, see Zadvydas, 533 U.S. at 690, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). First, petitioner's private interest in remaining free from detention is significant and strengthened by the fact that he lived freely in his community for approximately two years while pursuing asylum, TPS, and employment authorization. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Second, the risk of an erroneous deprivation of petitioner's liberty is high because he has not received any individualized bond determination and respondents do not argue he presents a danger to the community or a flight risk. Respondents do not dispute petitioner's allegation that he has never been arrested for a criminal offense or convicted of a felony. The record reveals no circumstances justifying petitioner's detention without a hearing not in existence when immigration officials declined to detain or arrest petitioner upon terminating his subsequent application for TPS. The government's interest in detaining petitioner under these circumstances without any procedural protections is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see also Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors favor petitioner and show due process required that he be provided an individualized hearing prior to his detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's detention without providing an individualized hearing. Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release from custody.

////

////

### IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to RELEASE petitioner IMMEDIATELY and respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 juli5885.mer